FILED

MAR 2 4 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELAINE L. CHAO, Secretary of Labor, )
United States Department of Labor, )
  )  Civil Action N'
      Plaintiff, )
  **06CV1640**
  **JUDGE PLUNKETT**
    v. )
  **MAGISTRATE KEYS**
CHICAGO, ILLINOIS LOCAL OF THE )
AMERICAN POSTAL WORKERS UNION, )
  )
      Defendant. )
  )

## COMPLAINT

Plaintiff Elaine L. Chao, Secretary of Labor alleges as follows:

### NATURE OF THE ACTION

1.      This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, as amended, Act of September 14, 1959, 73 Stat. 519, et seq., 29 U.S.C. §§ 481-483 (the "Act"), as applied to the Defendant by the Postal Reorganization Act of 1970 at 39 U.S.C. § 1209(b), for a judgment declaring that the April 30, 2005 election of union officers conducted by the Defendant, Chicago, Illinois Local of the American Postal Workers Union (Defendant), for the offices of President, Vice President, Secretary/Treasurer, Director of Industrial Relations, Director of Legislation, Director of Organization, Director of Research and Education, Director of Human Relations, Director Clerk Craft Division, Assistant Director "A" Clerk Craft Division, Assistant Director "B" Clerk Craft Division, Director Special Delivery Messengers Craft Division, Assistant Director Special Delivery Messengers Craft Division, Director Motor Vehicle

Craft Division, Assistant Director Operations Motor Vehicle Craft Division, Assistant Director Maintenance Motor Vehicle Craft Division, Trustee Motor Vehicle Craft Division, Director Maintenance Craft Division, Assistant Director Maintenance Craft Division, Trustee Maintenance Craft Division, and Director Mailhandlers Craft Division is void, and directing the Defendant to conduct a new election for those offices under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

## PARTIES

4. Plaintiff Elaine L. Chao is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at 2118 South Michigan Avenue, City of Chicago, County of Cook, State of Illinois.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a Local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7. Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the American Postal Workers Union, hereinafter referred to as the National, a national labor

2

organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act (29 U.S.C. §§ 402(i) and 402(j)).

8.      Defendant purporting to act pursuant to the National's Constitution, conducted an election of officers concluded on April 30, 2005, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-483).

9.      By letter dated May 2, 2005, to the Defendant's Election Committee, the complainant, Frank Wilson, a member in good standing of the Defendant, protested the April 30, 2005 election.

10.      By letter dated May 10, 2005, to the complainant, the Defendant's Election Committee denied the protest.

11.      By letter dated May 16, 2005, the complainant appealed the decision of the Defendant's Election Committee to the National Election Appeals Committee.

12.      By letter dated September 2, 2005, to the complainant, the National Election Appeals Committee denied the appeal.

13.      By letter dated May 2, 2005, to the Defendant's Election Committee, the complainant, Susan Scinto-Noe, a member in good standing of the Defendant, protested the April 30, 2005 election.

14.      By letter dated May 10, 2005, to the complainant, the Defendant's Election Committee denied the protest.

15.      By letter dated May 11, 2005, the complainant appealed the decision of the Defendant's Election Committee to the National Election Appeals Committee.

16.      By letter dated September 2, 2005, to the complainant, the National Election Appeals Committee denied the appeal.

17. By letter dated May 1, 2005, to the Defendant's Election Committee, the complainant, John Johnson, a member in good standing of the Defendant, protested the April 30, 2005 election.

18. By letter dated May 6, 2005, to the complainant, the Defendant's Election Committee denied the protest.

19. By letter dated May 9, 2005, the complainant appealed the decision of the Defendant's Election Committee to the National Election Appeals Committee.

20. By letter dated September 2, 2005, to the complainant, the National Election Appeals Committee denied the appeal.

21. Each of the complainants filed a timely complaint with the Secretary of Labor on September 2, 2005, September 13, 2005, and September 28, 2005, respectively, within one calendar month after receiving a final decision from the Defendant, as required under section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

22. In a series of letters, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to March 24, 2006.

23. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaints and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-483) had occurred in the conduct of the Defendant's April 30, 2005 election; and (2) that such violations had not been remedied at the time of the institution of this action.

24. Defendant, in the conduct of the aforesaid election, violated section 401(e) of the Act, 29 U.S.C. § 481(e):

4

(a)     in failing to mail ballots to members eligible to vote in the election, thereby depriving these members of a right to vote ;

(b)     in mailing ballots to ineligible voters and counting their ballots in the vote tally, thereby violating its constitution and bylaws provision prohibiting ineligible members from voting and the Act's prescription that a union conduct its election of officers in accordance with the requirements of its constitution and bylaws;

(c)     in  counting ballots that were not received by or delivered to the Defendant in accordance with the requirements of its constitution and bylaws; and,

(d)     in failing to preserve its election records for a period of one year, making it impossible to determine the accuracy of the vote tally.

25.     The violations of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of the Defendant's election for the offices of President, Vice President, Secretary/Treasurer, Director of Industrial Relations, Director of Legislation, Director of Organization, Director of Research and Education, Director of Human Relations, Director Clerk Craft Division, Assistant Director "A" Clerk Craft Division,  Assistant Director "B" Clerk Craft Division, Director Special Delivery Messengers Craft Division, Assistant Director Special Delivery Messengers Craft Division, Director Motor Vehicle Craft Division, Assistant Director Operations Motor Vehicle Craft Division, Assistant Director Maintenance Motor Vehicle Craft Division, Trustee Motor Vehicle Craft Division, Director Maintenance Craft Division, Assistant Director Maintenance Craft Division, Trustee Maintenance Craft Division, and Director Mailhandlers Craft Division.

5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's election for all offices null and void;

(b) directing the Defendant to conduct a new election of officers for those offices under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Dated:

PETER D. KEISLER
Assistant Attorney General

PATRICK FITZGERALD
United States Attorney

By: _____
CRAIG A. OSWALD
Assistant U.S. Attorney
Civil Division
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604
(312) 353-5300

OF COUNSEL:

HOWARD M. RADZELY
Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor
Civil Rights and Labor-Management Division

SHARON E. HANLEY
Counsel for Labor-Management Programs

6

JOAN E. GESTRIN
Regional Solicitor

WILLIE B. WHITE
Attorney

LEONARD A. GROSSMAN
Attorney
U.S. Department of Labor

P.O. Address
Office of the Solicitor
230 S. Dearborn
Rm. 844
Chicago Il 60604
(312) 353-5709
Fax:(312) 353-5608
Email:grossman-leonard@dol.gov
IL 1071823